IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ADAMS BANK & TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | 4:11CV3027 |
| | ) | |
| v. | ) | |
| | ) | |
| FIRSTIER BANK, KIMBALL, NEBRASKA, and FIRSTIER BANK, LOUISVILLE, COLORADO, | ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the motion filed by Defendant Federal Deposit Insurance Company's ("FDIC"), as Receiver for Defendant, FirsTier Bank Colorado ("FTB Colorado") and the motion filed by the Plaintiff Adams Bank & Trust's ("Adams Bank"). The FDIC objects to the venue of this case and requests transfer to the District Court of Colorado, (filing no. 41); Adams Bank moves for a determination of the proper parties, (filing no. 45). For the reasons set forth below, the defendant's motion to change venue is granted and the plaintiff's motion to determine proper parties is denied.

BACKGROUND

This matter stems from a dispute between Adams Bank and FTB-Colorado and FirsTier Bank, Kimball, Nebraska ("FTB-Nebraska") over a Loan Participation Agreement ("Participation Agreement") between FTB-Colorado and Adams Bank. Through the Participation Agreement, Adams Bank purchased an interest in an underlying loan (the "Underlying Loan") between FTB-Colorado and Everest Marin, L.P ("Underlying Borrower") for approximately $3,235,000. (Filing No. 1-1, ¶¶ 6-7). The Underlying Loan was secured by certain real estate in Arapahoe County, Colorado (the "Subject Real Estate").

Adams Bank alleges the terms of the Participation Agreement entitled it to certain benefits, priorities and protections even if the Underlying Borrower defaulted on the Underlying Loan.

The Underlying Borrower defaulted on the Underlying Loan and FTB-Colorado commenced a Public Trustee foreclosure action on the Subject Real Estate. At the foreclosure sale, FTB-Colorado was the highest bidder and subsequently took possession of the Subject Real Estate. According to Adams Bank, the amount of the bid, $17,609.372.87 exceeds the total amount of liens and taxes due on the Subject Real Estate.

Adams Bank filed this suit in the District Court of Keith County, Nebraska on or about December 2, 2010. On January 28, 2011, FTB-Colorado was declared insolvent and FDIC was appointed as its receiver. Defendant FDIC removed the case to this court on March 2, 2011 pursuant to 28 U.S.C. § 1441(b) and 12 U.S.C. § 1819(b)(2)(B). Upon FDIC's motion, the case was stayed for 180 days while the FDIC considered the administrative claims of Adams Bank and FTB-Nebraska. FDIC denied the administrative claims and the stay has been lifted.

FDIC has now moved for a change of venue to the United States District Court for the District of Colorado. Adams Bank resists the FDIC's motion, asserting Nebraska is the proper venue for the action. Adams Bank has also moved the court to determine the proper parties in this case, alleging FDIC no longer has an interest in the underlying Participation Agreement.

LEGAL ANALYSIS

A.    **Motion to Transfer Venue**

The issue raised in the defendant's motion relates to venue, not subject matter jurisdiction. Although the defendant cites extensively from several cases, the majority of these cases stand for the proposition that a federal court may retain subject matter jurisdiction over a case filed pre-receivership even after a bank becomes subject to an FDIC-receivership. In response to the defendant's cases, the plaintiff spends much time discussing the injustice that would occur if the case were dismissed. Filing No. 43. The question now before the court is not whether this case should be dismissed for want of subject matter jurisdiction, but rather where proper venue lies. The court need not dismiss a federal case during or after the FDIC administrative review of a claim. See Marquis v. Fed. Deposit Ins. Corp., 965 F.2d 1148 (1st Cir. 1992); Coston v. Gold Coast Graphics, Inc., 782 F.Supp. 1532, 1535 (S.D.Fla. 1992); Berke v. Resolution Trust Corp., 483 N.W.2d 712, 714 (Minn.App. 1992).

As to the proper federal venue, the FDIC relies on a specific provision of The Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") in support of its contention that the proper venue lies in Colorado. Specifically, 12 U.S.C. § 1821(d)(6)(A) provides:

> Before the end of the 60-day period beginning on the earlier of –
>
> (i)    the end of the period described in paragraph (5)(A)(I) with respect to any claim against a depository institution for which the Corporation is receiver, or

>   (ii)  the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(I),
>
> the claimant may request administrative review of the claim in accordance with subparagraph (A) or (B) of paragraph (7) **or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).**

12 U.S.C. 1821(d)(6)(A) (emphasis added).[1]

    This statute has been interpreted as addressing the matter of proper venue for cases involving the FDIC filed both before and after its appointment as receiver. Clearly, post-receivership claims must be brought in the District of Columbia or the federal district court "within which the depository institution's principal place of business is located." 12 U.S.C. 1821 (d)(6)(A). However, as presented in this case, the court must determine the appropriate venue for a pending case that was filed against the bank prior to the FDIC's appointment as receiver. That is, must a pre-receivership case be transferred to the District of Columbia or the federal court sitting in the bank's principal place of business once the bank is in an FDIC receivership?

---

[1] Courts have discussed whether this statute is best characterized as a "venue" statute or a "jurisdiction" statute. See, e.g., Vinton v. Trustbank Savings, 789 F.Supp. 1055, 1064-66 (D. Del. 1992). Over time courts have mixed these concepts, but ultimately the key question addressed does not appear to be whether a federal court has jurisdiction to adjudicate a matter involving the F.D.I.C., but rather, where the appropriate venue lies within the system of federal courts. See Matter of 5300 Memorial Investors, Ltd., 973 F.2d 1160, 1163 (5th Cir. 1992).

The few courts that have addressed this issue disagree on whether the parenthetical "(or continue an action commenced before the appointment of a receiver)" is an exception to, or an elaboration of, the venue limitation of that sentence. Resolution Trust Corp. v. J.F. Associates, et al., 813 F.Supp. 951, 955 (N.D.N.Y. 1993). Compare King v. Long Beach Mortgage Co., 672 F. Supp. 2d 238, 245 (D. Mass. 2009)("a plaintiff who has already commenced an action before receivership must nevertheless 'continue' his or her action in one of the two district courts designated in section 1821(d)(6)(A)(ii); Burr v. Transohio Savings Bank, No. 95-20144, 1995 WL 798590 at *4 (5th Cir. 1995)(instructing the district court to transfer the case to the District or Columbia or the federal court the financial institution's principal place of business); Geris v. Piedmont Federal Corp., 826 F.Supp. 165, 167 (W.D.Vir. 1993)(pre-receivership action must be continued in the District of Columbia or the district court of the failed financial institution's principal place of business); Vinton, 798 F.Supp. at 1065-67; with Poku v. F.D.I.C., 752 F. Supp. 2d 23, 29-30 (D.D.C. 2010)(finding a district court that was neither the place within which the depository's principal place of business was located or the District of Columbia would retain jurisdiction over 'pre-receivership' claims); Sheffield v. F.D.I.C., Case 09cv00061, 2009 WL 3003717, *4 (S.D. Ala. 2009)(finding the federal court where the pre-receivership action was filed maintained jurisdiction after the mandatory stay was lifted); Resolution Trust Corp., 813 F.Supp. at 958 (finding the court in which the pre-receivership case was filed maintains jurisdiction after the stay is lifted).

The arguments underlying transfer of even pre-receivership cases are persuasive. As explained by Vinton, the meaning of the term "continue" within the context of the statute allows the federal court to retain jurisdiction over the matter, but the venue in which the case could continue is limited to the District of Columbia or the Federal District Court within which the depository institution's principal place of business is located. Id. In other words, the parenthetical was intended to elaborate on the venue restriction within the statute, and

was not to be read as an exception to the two acceptable venues for a case involving the FDIC. This interpretation is consistent with the goal of preventing the FDIC from defending actions in "various locations throughout the county, with the attendant disruption of the [financial institution's] records and personnel." Hudson United Bank v. Chase Manhattan Bank, 832 F.Supp. 881, 887 (D.N.J. 1993)(internal citations omitted).

Plaintiff argues that the mandatory stay provisions, found in § 1821(d)(12), regarding pending suits would not be necessary if the venue statute "automatically [requires the case] to be dismissed or transferred." Filing No. 43, p. 10. This assumes all cases filed against the FDIC commence in courts other than the District of Columbia or the district wherein the financial institution's principal place of business rests. That is not the case. For instance, if this case had started in the District Court of Colorado, the case would not need to be dismissed or transferred. It simply would have been mandatorily stayed pursuant to § 1821(d)(12) and then continued upon denial of the administrative claim and expiration of the stay. Thus, the mandatory stay provisions are necessary irrespective of the fact some cases will be subject to transfer.

The plaintiff also relies upon the decision in Poku. Poku discussed whether the United States District Court for the District of Maryland retained subject matter jurisdiction over a case that was pending in a venue other than the depository institution's principal place of business. The court found that the District Court of Maryland did have subject matter jurisdiction. Poku, 752 F. Supp. 2d. at 29-30. However, in support of its holding, the Poku court cited to several cases that either found venue is only proper in the two locations specified by § 1821(d)(6)(A), or simply that did not address the issue of venue. Poku, 752 F. Supp. 2d. at 29 (citing Marquis, 965 F.2d at 1152-55; King, 672 F.Supp. at 245 (holding a "plaintiff who has already commenced an action before the receivership must nevertheless 'continue' his or her action in one of the two districts designated in section

1821(d)(6)(A)(ii)); Vinton, 798 F.Supp. at 1061). Ultimately, the Poku court dismissed the case filed in the United States District Court for the District of Columbia because it was duplicative of a case filed in the Maryland Court and did not directly address the question of venue as it pertains to section 1821(d)(6)(A)(ii).

In short, I conclude the relevant federal law allows a pre-receivership case to continue after the appointment of a receiver, but once a receiver is appointed, the proper venue becomes the District of Columbia or the district court of the institution's principal place of business. FTB-Colorado's principal place of business is Colorado. I have not seen anything in the briefs, evidence, or relevant case law to persuade me that section 1821(d)(6)(A)(ii) allows this litigation to continue in the District of Nebraska, absent a waiver of venue by the FDIC. The FDIC has not waived the section 1821(d)(6)(A)(ii) venue provision. Therefore, the motion to transfer venue will be granted.

### B. Motion to Determine Proper Parties

Adams Bank alleges the FDIC, as the receiver of FTB-Colorado, sold the FTB-Colorado's loan participation agreements, including the one in which Adams Bank claims an interest. Adams Bank asks the court to (1) allow Adams Bank to conduct discovery on the matter; (2) substitute any parties who currently have an interest in the Participation Agreement for the FDIC; (3) refrain from ruling on any motions until the proper parties are determined; and (4) award Adams Bank its costs and attorney's fees. In response, the FDIC asserts that it still owns the Participation Agreement and has not sold it to any other party.

If the goal of the venue statute is to prevent the FDIC from prosecuting and defending actions throughout the country for a specific bank in receivership, then any litigation, to

include discovery aimed at determining the FDIC's standing to assert or defend those claims, should be raised in the proper venue.

Accordingly,

IT IS ORDERED:

1) The defendants' motion to transfer venue, (filing no. 41), is granted and this case shall be transferred to the United States District Court for the District of Colorado.

2) The plaintiff's motion to determine proper parties, (filing no. 45), is denied without prejudice to re-assertion upon transfer to the proper venue.

DATED this 23rd day of December, 2011.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.